```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION


DOROTHY JOHNSON,                  :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :     CIVIL ACTION 16-0232-M
                                  :
CAROLYN W. COLVIN,                :
Commission of Social Security,    :
                                  :
     Defendant.                   :
```

MEMORANDUM OPINION AND ORDER

Pending before the undersigned is Plaintiff's Attorney's Application for Attorney Fees Under the Equal Access to Justice Act (hereinafter *EAJA*), with supporting documentation (Doc. 25), and Defendant's Response (Doc. 26). After considering the pertinent pleadings, it is **ORDERED** that the Motion be **GRANTED** and that Plaintiff be **AWARDED** an EAJA attorney's fee in the amount of $1,934.76.

Plaintiff filed this action on May 23, 2016 (Doc. 1). On November 18, 2016, the undersigned Judge entered a Memorandum Opinion and Order, reversing the decision of the Commissioner and remanding this action for further proceedings (Doc. 23). Judgment was entered in favor of Plaintiff and against Defendant (Doc. 24).

1

On December 16, 2016, William T. Coplin, Jr., Plaintiff's Attorney, filed an EAJA Fee Application requesting a fee of $1,934.76, computed at an hourly rate of $191.56 for 10.10 hours spent in this Court (Doc. 25). Defendant, in her Response filed on December 20, 2016, stated that she had no objection to the requested fee (Doc. 26).

The EAJA requires a court to

> award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of Agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment becomes final sixty days—the time an appeal may be taken pursuant to Fed.R.App.P. Rule 4(a)—after it is entered. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

Three statutory conditions must be satisfied before EAJA fees may be awarded. *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). First, the claimant must file a fee application within the thirty-day period following the entry of

2

final judgment.  Second, the claimant must be a prevailing party.  Third, the Government's position must not be substantially justified.  With no objection from Defendant, the Court finds that those requirements have been met.

Having found the prerequisites satisfied, the Court will discuss the fee to be awarded.  EAJA is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler*, 765 F.2d 1562, 1586 (11th Cir. 1985 (EAJA) (*quoting Hensley v. Eckerhartt*, 461 U.S. 424, 433 (1983) (§ 1988)).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude

> such hours from his fee submission.  In the
> private sector, 'billing judgment' is an
> important component in fee setting.  It is
> no less important here.  Hours that are not
> properly billed to one's client also are not
> properly billed to one's adversary pursuant
> to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  *Norman v. Housing Authority*, 836 F.2d 1292, 1301 (11th Cir. 1988).

After examining Plaintiff's Attorneys' Application and supporting documentation (Doc. 25, Exhibit 2), the Court finds that the 10.10 hours expended in prosecuting this action is reasonable.

In determining the hourly rate to apply in a given EAJA case, express statutory language provides as follows:

> The amount of fees awarded under this
> subsection shall be based upon prevailing
> market rates for the kind and quality of the
> services furnished, except that . . .
> attorney fees shall not be awarded in excess
> of $125 per hour unless the court determines
> that an increase in the cost of living or a
> special factor, such as the limited
> availability of qualified attorneys for the
> proceedings involved, justified a higher
> fee.

4

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA established a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward . . . to take into account an increase in the cost of living, or a special factor.

*Meyer*, 958 F.2d at 1033-34 (citations and footnote omitted).[1] The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *NAACP V. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Where the fees or time claimed seem expanded or there is lack of documentation or

---

[1] Subsequent to *Meyer*, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A).

testimony in support thereof, the court may make an award on its own experience.  *Norman v. City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  Where the documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee; traditionally, it has had the power to make an award with no need of further pleadings or an evidentiary hearing.  *Id.*

Beginning in 2001, the prevailing market rate in the Southern District of Alabama was $125.00 per hour.  *See, e.g.*, *Smith v. Massanari*, Civil Action 00-0812-P-M (S.D. Ala. October 25, 2001); and *Square v. Halter*, Civil Action 00-0516-BH-L (S.D. Ala. April 12, 2001).  However, in 2007, United States Magistrate Judge Cassady fashioned a formula to adjust the prevailing market hourly rate to account for the ever-increasing cost-of-living.  *Lucy v. Barnhart*, Civil Action 06-0147-C (S.D. Ala. July 5, 2007 (Doc. 32)).  As set out in *Lucy*, the formula for calculating all future awards of attorney's fees under the EAJA is as follows:  "'($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint[2])/152.4, where 152.4 equals the CPI-U of March 1996, the

---

[2]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] . . . [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's

6

month and year in which the $125 cap was enacted.'" (*Lucy*, Doc. 32, at p. 11) (*quoting Lucy*, Doc. 31, at p. 2). The undersigned also adopts this formula in EAJA fee petition actions for use in arriving at the appropriate hourly rate.

The complaint was filed on May 23, 2016 (Doc. 1) and the Court entered its Memorandum Opinion and Order and Judgment on November 18, 2016 (Docs. 23-24), so the temporal midpoint in this action was August 21, 2016. The CPI-U for August 2016 was 233.561. Plugging the relevant numbers into the foregoing formula renders the following equation: $125.00 x 233.561/152.4, the computation of which renders an hourly rate of $191.56. This hourly rate for 10.10 hours equals $1,934.76.

As noted earlier, EAJA allows a Court to make an "*award to a prevailing party*." 28 U.S.C. § 2412(d)(1)(A). In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Eleventh Circuit Court of Appeals stated that "[i]t is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party." *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir.), *cert. denied*, 555 U.S. 1072 (2008) ("We conclude the EAJA means what it says: attorney's fees are awarded to the

---

Order and Judgment." *Lucy v. Barnhart*. Civil Action 06-0147-C (S.D. Ala. Doc. 31, at p. 3).

'prevailing party,' not to the prevailing party's attorney"). The United States Supreme Court, in the unanimous decision of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), held "that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States," removing any doubt as to whom the award should be paid.  Under the reasoning of *Reeves* and *Ratliff*, the Court finds that the award should be paid to Plaintiff Dorothy Johnson and not to Coplin.

In conclusion, it is **ORDERED** that Plaintiff's Application (Doc. 25) be **GRANTED** as set out above and that Plaintiff be **AWARDED** an EAJA Attorney's fee in the amount of $1,934.76.

DONE this 21st day of December, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE