IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

DOROTHY JOHNSON,           )
                           )
    Plaintiff,             )
                           )
v.                         )    CIVIL ACTION 16-0232-M
                           )
CAROLYN W. COLVIN,         )
Acting Commissioner of     )
Social Security,           )
                           )
    Defendant.             )

ORDER

This action is before the Court on the Motion for Fees under 42 U.S.C. § 406(b) (Doc. 29) filed by William T. Coplin, Jr., Esq., counsel for Plaintiff Dorothy Johnson ("Plaintiff"). Defendant Acting Commissioner of Social Security ("the Commissioner"), has filed a Response to the motion (Doc. 30). Upon consideration, the Court finds that the § 406(b) motion (Doc. 29) is due to be **GRANTED**.[1]

I. **Background**

On May 23, 2016, Plaintiff, at all times represented by Coplin, commenced this action for judicial review of an unfavorable final decision of the Commissioner under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Doc. 1). In accordance with the

---

[1] With the consent of the parties, the Court designated the undersigned Magistrate Judge to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (Docs. 20, 22).

Court's scheduling order (Doc. 4), the Commissioner filed her answer to the complaint (Doc. 13) and the record of the administrative proceedings (Doc. 14), and Plaintiff filed her brief identifying errors in the Commissioner's final decision (Docs. 15, 16). In response to Plaintiff's brief, the Commissioner filed her brief in support of the final decision (Doc. 17). The undersigned, by Memorandum Opinion and Order, reversed the decision of the Commissioner and remanded this action for further proceedings (Doc. 23) and Judgment was entered accordingly on November 18, 2016 (Doc. 24).

Plaintiff subsequently filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)[2] (Doc. 25), which the Court granted on December 21, 2016, awarding Plaintiff $1,934.76 in attorney's fees (Docs. 27, 28). Following remand to the Social Security Administration (SSA), an Administrative Law Judge ("ALJ") issued a favorable decision for the Plaintiff on December 29, 2017. (Doc. 29-2). A notice

---

[2]

> [S]uccessful Social Security benefits claimants may request a fee award under the EAJA. Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are awarded to the prevailing party in addition to and separate from any fees awarded under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 796, 122 S. Ct. at 1822; *Reeves v. Astrue*, 526 F.3d 732, 736 (11th Cir. 2008). Unlike § 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds.

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

of award of past-due benefits was issued March 28, 2018, which also advised that $11,832.75, representing 25% of the total past due benefits, was being withheld to pay an approved representative's fee. (Doc. 29-3). Coplin filed the present § 406(b) motion on April 16, 2018, requesting that the Court award him a fee in the amount of $3,897.99. (Doc. 29).

II. **Analysis**

> [U]nder 42 U.S.C. § 406(b), a court entering judgment in favor of a Social Security benefits claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Assuming that the requested fee is within the 25 percent limit, the court must then determine whether "the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). For example, courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case. *Id.* at 808, 122 S. Ct. at 1828. A § 406(b) fee is paid by the claimant out of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A).

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).[3] "42 U.S.C. § 406(b) authorizes an award of attorney's

---

[3] "Under 42 U.S.C. § 406(b)(2), it is a criminal offense for an attorney to collect fees in excess of those allowed by the court." *Jackson*, 601 F.3d at 1271. *See also Gisbrecht,* 535 U.S. at 795-96 ("The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense. §§ 406(a)(5), (b)(2) (1994 ed.); 20 CFR §§ 404.1740—1799 (2001).").

fees where[, as here,] the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).

a.  *Timeliness*

"Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim." *Id.* Rule 54(d)(2)(B)(i) provides that, "[u]nless a statute or a court order provides otherwise, [a] motion [for attorney's fees] must be filed no later than 14 days after the entry of judgment." Because Coplin's § 406(b) motion was filed within 14 days of the date of the Plaintiff's notice of award, including mailing time, the motion is found to be timely.

b.  *Reasonableness*

> In *Gisbrecht v. Barnhart,* the Supreme Court considered 42 U.S.C. § 406(b) and clarified its impact on the district court's role in awarding a reasonable fee following a favorable claim for Social Security benefits. *See* 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). Although § 406(b)(1)(A) gives district courts the power to "determine and allow as part of its judgment a reasonable fee" following a favorable claim for Social Security benefits, 42 U.S.C. § 406(b)(1)(A), it does not empower them to ignore the fee agreements entered into by parties when determining what a reasonable fee would be, *see Gisbrecht*, 535 U.S. at 807, 122 S. Ct. at 1828 (concluding that " § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set"). Instead, courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances. *Id.* Accordingly, [a court] must look to

the fee agreement made by [a claimant] and his attorney. *Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014).

Section 406(b)(1)(A) "prohibits fee agreements from providing for a fee 'in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled.'" *Id.* at 1285 (quoting 42 U.S.C. § 406(b)(1)(A)). However "the agreement, not the statute, provides the 'primary means by which fees are set.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 807). In retaining Coplin to represent him, Plaintiff entered into an "Attorney Fee Agreement" (Doc. 29-1) ("the Agreement"), which provides, in relevant part, as follows:

> We agree that if SSA favorably decides my claim at the Appeals Council level; or at the ALJ hearing after a decision by the Appeals Council or Federal Court; or if a Federal Court favorably decides my case, I will pay my attorney a fee equal to 25% of all past-due benefits in my Social Security and/or SSI disability claims, regardless of the $6,000.00 limit.

The Court finds no reason to believe that this fee agreement violates § 406(b)(1)(A). However,

> [*Gisbrecht* further] explained that even when a contingency agreement complies with the statutory limit and caps the fee at 25 percent of the claimant's benefits award, "§ 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." [535 U.S.] at 807, 122 S. Ct. at 1828.
>
> Even when there is a valid contingency fee agreement, *Gisbrecht* sets forth certain principles that a district

5

> court should apply to determine if the attorney's fee
> to be awarded under § 406(b) is reasonable. *See id.* at
> 808, 122 S. Ct. at 1828. Under *Gisbrecht* the attorney
> for the successful social security benefits claimant
> must show that the fee sought is reasonable for the
> services rendered. *Id.,* 122 S. Ct. at 1828. The district
> court may reduce the fee based on the character of the
> representation and the results achieved; and if the
> recovered benefits are large in comparison to the time
> the claimant's attorney invested in the case, a downward
> adjustment may be in order. *Id.,* 122 S. Ct. at 1828. The
> *Gisbrecht* Court held that "§ 406(b) does not displace
> contingent-fee agreements within the statutory ceiling
> [of 25 percent of the claimant's recovered benefits];
> instead, § 406(b) instructs courts to review for
> reasonableness fees yielded by those agreements." *Id.*
> at 808—09, 122 S. Ct. at 1829.

*Thomas v. Astrue*, 359 F. App'x 968, 974-75 (11th Cir. 2010) (per curiam) (unpublished) (footnote omitted).

As provided in the Plaintiff's notice of award, the SSA has calculated $11,897.75 as representing 25% of the Plaintiff's recovered benefits. Neither Coplin nor the Commissioner disputes that figure here. Coplin has been paid by the SSA a $6,000.00 fee for his services in representing the Plaintiff there, an amount to which the Plaintiff has agreed. (Docs. 29, 29-1), *See* 42 U.S.C. § 402(a)(1) ("Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with

6

the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.").

Moreover, "an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client…" *Jackson*, 601 F.3d at 1274. "Although a refund paid by the claimant's attorney directly to the claimant would comply with the EAJA Savings Provision,…a refund is[not] the only way to comply…[T]he attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request…" *Id.* at 1274. Coplin has chosen the latter option, further reducing his § 406(b) fee request by the earlier EAJA award in the amount of $1,934.76. Thus, the Court's duty now is to determine whether it is reasonable for Coplin to receive $3,897.99 (i.e., $11,832.75 - $6,000.00 - $1,934.76) for his services to the Plaintiff in this Court under their contingency fee agreement.

Considering the amount of time Coplin devoted to this case (10.1 hours) and the services performed (Docs. 23, 25, 29-6), the Court finds that the benefits awarded to the Plaintiff are not so "large in comparison to the amount of time counsel spent on the case" such that "a downward adjustment is…in order." *Gisbrecht*, 535 U.S. at 808. Coplin obtained excellent results

for his client through his efforts, and a review of the docket for this action does not indicate that Coplin has been responsible for any significant delay. For instance, his social security brief was timely filed, he never requested a deadline extension, and he consented to the undersigned's jurisdiction, thus allowing the undersigned to order remand rather than having to issue a recommendation to the district judge. Having considered the guidance set forth in *Gisbrecht*, the undersigned finds that it is reasonable for Coplin to be awarded a fee in the amount of $3,897.99 under § 406(b).

### III. Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Coplin's motion for fees under 42 U.S.C. § 406(b) (Doc. 29) is **GRANTED as set out above** and that he is awarded a reasonable fee under § 406(b) in the sum of **$3,897.99.**

DONE this the 3rd day of May, 2018.

BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE